UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARLENE M. WILLIAMS,   Case No. 1:13-cv-336

      Plaintiff,   Spiegel, J.
                                                                 Bowman, M.J.

   v.

GENERAL MOTORS,

      Defendant.

**REPORT AND RECOMMENDATION**

On May 17, 2013, Plaintiff filed a *pro se* complaint against her former employer, identified as Defendant "General Motors," alleging that she has been discriminated against, in violation of 42 U.S.C. §2000e-5(f)(1), in violation of her civil rights. Pursuant to local practice, this case has been referred to the undersigned magistrate judge for initial review and for a report and recommendation. The undersigned initially granted Plaintiff's application to proceed *in forma pauperis*, and directed service on the Defendant on Plaintiff's behalf pursuant to Plaintiff's instructions. (Doc. 2). However, the summons form completed by Plaintiff was inadequate to achieve service, and was returned as unexecuted. (Doc. 10). Shortly before the inadequately addressed summons form was returned as unexecuted, Plaintiff filed additional documents with this Court including new summons forms for service. Noting that the original summons forms and address listed by Plaintiff were inadequate, the Court directed the United States Marshal to attempt service a second time, with costs borne by the United States,

1

using the new summons forms completed by Plaintiff. (*See* Docs. 9, 11). On September 20, 2013, an "Alias Summons" was issued to General Motors pursuant to Plaintiff's instructions and sent to the U.S. Marshal for service. (Doc. 12).

On December 9, 2013, a U.S. Postal form was returned as "executed" as to General Motors. However, as discussed below, service still has not been perfected on the Defendant, and General Motors has never filed an answer or other response. Because Plaintiff has failed to effect timely service as required by Rule 4(m), Fed. R. Civ. P., or to provide adequate instructions for service on her behalf by the United States Marshal, I now recommend that her case be dismissed.

I. **Factual and Procedural Background**

A review of the many documents filed by Plaintiff reflect that she has sought redress against General Motors over many years, in that she alludes to prior cases and hearings involving her claims, although the identity of the forums in which those claims were filed is unclear. In any event, Plaintiff's difficulties began on September 3, 1985, when she allegedly was seriously injured at work, resulting in a physical disability. In twenty-three pages of handwritten exhibits attached to her complaint, she alleges that General Motors wrongfully denied the severity of her injury, and that her former employer also wrongfully denied her years of credited service toward her pension benefit, by erroneously stating that she was discharged from service on September 19, 1997. At some point in the late 1980's, the GM plant in Norwood, Ohio, at which Plaintiff originally had been employed, closed. She alleges that other employees were offered other positions elsewhere, but that her ability to obtain a new position was

contingent on a physical. Plaintiff alleges that from 1987-1994, she "wasn't passed on physical," and that after 1993, she was on severe restrictions. (Doc. 3-1 at 8).

Plaintiff states that she has hired and fired numerous attorneys over the years in the course of seeking redress on her original workers' compensation claim and related issues.[1] Plaintiff alleges that she was receiving workers' compensation for some period of time and/or was on disability, which period of time should have been counted toward her credited service for purposes of her pension benefit. (Doc. 3-1). In an EEOC charge of discrimination attached to her complaint in chief, Plaintiff makes clear that her complaint in this Court is based upon her charge of discrimination based upon gender, age, and disability, as well as retaliation against her by GM for filing a worker's compensation claim in 1985. (Doc. 3 at 5). She alleges that she was most recently denied benefits (presumably pension-related) on August 6, 2012.

Plaintiff filed her EEOC charge on March 27, 2013. (*Id.*). Plaintiff has included with her complaint the EEOC's Dismissal and Notice of Rights, dated April 3, 2013, stating that the agency was closing its case without further action because Plaintiff's claims are time-barred. (Doc. 3 at 4).

On July 29, 2013 Plaintiff filed additional 61 pages of additional "exhibits" in support of her original complaint. (Doc. 9). A portion of the exhibits reiterate and summarize the same allegations included in the original exhibits attached to Plaintiff's complaint:

---

[1] In an attempt to further assist Plaintiff, this Court granted Plaintiff's initial motion for the appointment of counsel, conditioned on the Voluntary Lawyers for the Poor being successful in obtaining counsel on Plaintiff's behalf. When VLP reported that it was unable to obtain free representation for Plaintiff, the Court's conditional order was rescinded. (Docs. 5, 8).

3

>Over the past 23 years I have attempted to resolve my workers compensation case but the company said I was not injured and that it was in my mind. In addition I have seen multiple doctors and various attorneys. My attorneys have not done much in my cases and to date I have yet to have a day in court to discuss the facts of the matter. Some of my attorneys have provided me with guidance to just take a mental disability however, I cannot agree to something that I know is not the truth. Due to this decision, attorneys have decided to no longer represent me or do nothing so that I fire them for lack of advocating on my behalf.

(Doc. 9 at 3-4).

The documentation filed on July 29, 2013 includes a request for "a case amendment to include my neck and back injuries," and that judgment in her favor reflect "[f]ull salary, pension, health benefits, and other compensation" that Plaintiff would have received, had she not been injured in 1985 and had she acquired "30 years seniority at GM." (*Id.* at 4). In addition, she seeks a judgment that would require the Defendant to "cover future surgical expenses to correct my nerve problems" and that would reflect the "time-value-of-money and interest….over the past 23 years" that she has been seeking redress. (*Id.*). Plaintiff includes numerous other allegations and complaints seemingly unrelated to any actions by the identified Defendant, including complaints that UC Neurology refuses to treat her, various other medical complaints, and complaints relating to the allegedly wrongful denial of social security disability some years ago. She also complains about various attorneys who have represented her (or declined to represent her), including the attempts of some to persuade her to resolve her dispute by accepting an offer of mental disability.

## II. Failure of Service

As stated, Plaintiff has twice tried to effect service of her complaint since initiating this federal action nearly eight months ago. After her first summons form proved

inadequate, the Court directed the U.S. Marshal to attempt service a second time using the additional summons forms and address provided by Plaintiff. (Doc. 11). However, that summons form was addressed not to "General Motors" but to "General Motors Co. Benefits & Service Center" at a post office box number in Cincinnati, Ohio. This "alias summons" form was served by first class mail and returned as "executed" bearing the signature of a "Jennifer L. Little" dated November 2, 2013. Based on that date, General Motors' answer would have been due on November 25, 2013. No answer was filed.

When a party has failed to file an answer, "and that failure is shown by affidavit or otherwise, the clerk *must* enter the party's default." Rule 55(a), Fed. R. Civ. P. (emphasis added). After entry of default by the Clerk of Court, a party may move for a default judgment under Rule 55(b), Fed. R. Civ. P. Before either entry of default or default judgment, however, the Court must be satisfied that the complaint was properly served. In this case, the Defendant is a corporation, which ordinarily may be served by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process…." Rule 4(h), Fed. R. Civ. P. The summons form completed by the *pro se* Plaintiff in this case is addressed not to any individual who may be an officer or agent, and not even to the company itself, but instead to some (presumably) related corporate entity at a local post office box. Clearly, service on the Defendant has not been properly perfected.

On December 21, 2013, a person by the name of Scott Houle, identifying himself as an employee of "Fidelity Workplace Services, LLC, Qualification & Compulsory Processing" filed correspondence addressed to the Clerk of Court that appears to

5

pertain to this case. (Docs. 14, 15). The address listed on the correspondence for Fidelity Workplace Services, LLC is identical to the post office box address listed on the more recent summons form by Plaintiff. Fidelity Workplace Services, LLC is not a party to this action but represents itself as a third party administrator under ERISA of a GM "Hourly-Rate Employees Pension Plan 'the Plan.'" The documentation filed by Fidelity Workplace Services, LLC appears to be responsive to Plaintiff's request for a calculation of her future pension benefits.

Rule 4(m) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.*

"Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351, 119 S. Ct. 1322 (1999). Indeed, absent either waiver or proper service of process, this Court does not have personal jurisdiction over this Defendant. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (and cases cited therein). Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *Jacobs v. University of Cincinnati*, 189

F.R.D. 510, 511 (S.D. Ohio 1999).

At this point, the time for achieving service under Rule 4(m) has long expired. Plaintiff has been provided with two opportunities to achieve service at government expense, but has failed to do so. A plaintiff proceeding *pro se* and *in forma pauperis* may be granted some leniency, but still must comply with the applicable Federal Rules of Civil Procedure. Neither those rules nor the interests of justice require endless extensions of time or unlimited attempts to perfect service at government expense. On the facts presented, Plaintiff has not demonstrated just cause for a further extension of time to perfect service on her former employer. Rather than correcting the defect in her first summons form, Plaintiff exacerbated the defect by directing an alias summons to the post office box of a non-party. The EEOC previously denied Plaintiff's gender, race, and disability discrimination claims as time-barred. While dismissal is recommended for failure of service rather than on the merits, it is worth noting that the undersigned's review of the underlying complaint strongly suggests that no viable Title VII claim exists.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT** this case be **DISMISSED** for failure to timely perfect service, and for failure to prosecute. In light of the recommended dismissal of Plaintiff's complaint, this case should be CLOSED.

     s/Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

7

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DARLENE M. WILLIAMS,	Case No. 1:13-cv-336

    Plaintiff,	Spiegel, J.
                                                         Bowman, M.J.

    v.

GENERAL MOTORS,

    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                                              *s/Stephanie K. Bowman*
                                                                              Stephanie K. Bowman
                                                                              United States Magistrate Judge