UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARLENE M. WILLIAMS,　　　　　　　　　　　Case No. 1:13-cv-336

　　　　Plaintiff,　　　　　　　　　　　　　　　Spiegel, J.
　　　　　　　　　　　　　　　　　　　　　　　Bowman, M.J.

　　v.

GENERAL MOTORS,

　　　　Defendant.

## REPORT AND RECOMMENDATION

### I. Factual and Procedural Background[1]

On May 17, 2013, Plaintiff filed a *pro se* complaint against her former employer, identified as Defendant "General Motors," alleging that she has been discriminated against, in violation of 42 U.S.C. §2000e-5(f)(1), in violation of her civil rights. On January 8, 2014, the undersigned filed a Report and Recommendation ("R&R") recommending that the case be dismissed for failure to timely perfect service (after two attempts), and for failure to prosecute. (Doc. 16). The R&R stated: "While dismissal is recommended for failure of service rather than on the merits, it is worth noting that the undersigned's review of the underlying complaint strongly suggests that no viable Title VII claim exists." (Doc. 16 at 7).

---

[1] A portion of this summary was previously set forth in the R&R filed on January 8, 2014, but is repeated herein for the convenience of this Court.

Plaintiff objected to that R&R. (Doc. 17). On March 18, 2014, U.S. District Judge S. Arthur Spiegel "reluctantly" sustained Plaintiff's objections and rejected the R&R, concluding that Plaintiff had satisfied the "good cause" standard, and had provided justification for one final attempt at service. (Doc. 18 at 4). Nevertheless, the Court added that its "decision should not be construed as an indication that we believe Plaintiff's Title VII claim to be meritorious; on the contrary, we agree with the Magistrate Judge that it would appear that no viable claim can be stated." (Doc. 18 at 5).

On May 1, 2014, Defendant accepted service and responded to the complaint by filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Doc. 23). For the reasons stated herein, I now recommend that Defendant's motion be **GRANTED** and that Plaintiff's claims be **DISMISSED WITH PREJUDICE**.

The complaint filed by Plaintiff in this Court, considered with exhibits thereto, spans some ninety pages. A review of the documents reflect that Plaintiff has sought redress against General Motors over many years, in that she alludes to prior cases and hearings involving her claims, although the identity of the forums in which those claims were filed is unclear. In any event, Plaintiff's difficulties began on September 3, 1985, when she allegedly was seriously injured at work, resulting in a physical disability. In twenty-three pages of handwritten exhibits attached to her original complaint, she alleges that General Motors wrongfully denied the severity of her injury, and that her former employer also wrongfully denied her years of credited service toward her pension benefit, by erroneously stating that she was discharged from service on September 19, 1997. At some point in the late 1980's, the GM plant in Norwood, Ohio, at which Plaintiff originally had been employed, closed. She alleges that other

2

employees were offered other positions elsewhere, but that her ability to obtain a new position was contingent on a physical. Plaintiff alleges that from 1987-1994, she "wasn't passed on physical," and that after 1993, she was on severe restrictions. (Doc. 3-1 at 8).

Plaintiff states that she has hired and fired numerous attorneys over the years in the course of seeking redress on her original workers' compensation claim and related issues.[2] Plaintiff alleges that she was receiving workers' compensation for some period of time and/or was on disability, which period of time should have been counted toward her credited service for purposes of her pension benefit. (Doc. 3-1). In an EEOC charge of discrimination attached to her complaint in chief, Plaintiff makes clear that her complaint in this Court is based upon her charge of discrimination based upon gender, age, and disability, as well as retaliation against her by GM for filing a workers' compensation claim in 1985. (Doc. 3 at 5). She alleges that she was most recently denied benefits (presumably pension-related) on August 6, 2012.

Plaintiff filed her EEOC charge on March 27, 2013. (*Id.*). In addition to a copy of the charge, Plaintiff has included with her complaint the EEOC's Dismissal and Notice of Rights, dated April 3, 2013, stating that the agency was closing its case without further action because Plaintiff's claims are time-barred. (Doc. 3 at 4).

On July 29, 2013 Plaintiff filed additional 61 pages of additional "exhibits" in support of her original complaint. (Doc. 9). A portion of the exhibits reiterate and

---

[2]In an attempt to further assist Plaintiff, this Court granted Plaintiff's initial motion for the appointment of counsel, conditioned on the Voluntary Lawyers for the Poor being successful in obtaining counsel on Plaintiff's behalf. When VLP reported that it was unable to obtain free representation for Plaintiff, the Court's conditional order was rescinded. (Docs. 5, 8).

3

summarize the same allegations included in the original exhibits attached to Plaintiff's complaint:

> Over the past 23 years I have attempted to resolve my workers compensation case but the company said I was not injured and that it was in my mind. In addition I have seen multiple doctors and various attorneys. My attorneys have not done much in my cases and to date I have yet to have a day in court to discuss the facts of the matter. Some of my attorneys have provided me with guidance to just take a mental disability however, I cannot agree to something that I know is not the truth. Due to this decision, attorneys have decided to no longer represent me or do nothing so that I fire them for lack of advocating on my behalf.

(Doc. 9 at 3-4).

The documentation filed on July 29, 2013 includes a request for "a case amendment to include my neck and back injuries," and that judgment in her favor reflect "[f]ull salary, pension, health benefits, and other compensation" that Plaintiff would have received, had she not been injured in 1985 and had she acquired "30 years seniority at GM." (*Id.* at 4). In addition, she seeks a judgment that would require the Defendant to "cover future surgical expenses to correct my nerve problems" and that would reflect the "time-value-of-money and interest….over the past 23 years" that she has been seeking redress. (*Id.*). Plaintiff includes numerous other allegations and complaints seemingly unrelated to any actions by the identified Defendant, including complaints that UC Neurology refuses to treat her, various other medical complaints, and complaints relating to the allegedly wrongful denial of social security disability some years ago. She also complains about various attorneys who have represented her (or declined to represent her), including the attempts of some to persuade her to resolve her dispute by accepting an offer of mental disability.

**II. Defendant's Motion to Dismiss**

Defendant's motion generally seeks dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 23-1 at p. 2). Alternatively, Defendant argues that any possible employment discrimination claims would be time-barred, and that any claim for damages relating to her 1985 work injury is barred by the exclusive remedy provided by workers' compensation.

**A. Failure to State a Claim Under Rule 12(b)(6)**

Consistent with the previously expressed sentiments of both the undersigned magistrate judge and the presiding district judge that "it would appear that no viable claim can be stated," (Doc. 18 at 5), Defendant first seeks dismissal for failure to state a claim, arguing that Plaintiff's prolix pleadings are "incomprehensible" and without "any discernible factual or legal basis for her claims." (Doc. 23-1 at 2).

A complaint must contain a "short and plain statement of the claim" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.,* citing *Twombly*, 550 U.S. at 556. *Pro se* complaints are to be liberally construed and held to a less rigorous standard than pleadings written by lawyers. *Estelle v. Gamble, 429 U.S. 97, 106 (1976)*. However, even *pro se* plaintiffs

are required to meet the minimum pleading requirements of the Federal Rules of Civil Procedure.

The undersigned concludes that - in most respects - Plaintiff's pleading fails to meet the minimum standards, in part because it is simply too rambling and disjointed for the Defendant to have reasonable notice of the nature of the claim.  A "short and plain statement" it is not.

Plaintiff's initial complaint was filed on a form that listed the Court's basis for jurisdiction as 42 U.S.C. §2000e-5(f)(I).  On that original form, she explains that she seeks "employment benefits, money owed [and/or] earned by me, my disability, medical [undecipherable] from GM[,] social security unpaid by [company,] up to date future medical [and] surgery [and] monetary retirement [and] pension dispute [and] my 30 year seniority, termination of employment while disabled due to GM negligence [and] terminating me because I have been disabled since Fall 1985." (Doc. 3 at 3).  To the extent that Plaintiff's initial complaint might reasonably be construed as an action seeking monetary damages and injunctive relief against her former employer for some type of discrimination, any possible construction of those claims disintegrates into confusion when one adds into consideration both the 23 pages of exhibits attached to the original complaint, and the additional 61 pages of exhibits filed on July 29, 2013. (Doc. 9).

As Defendant points out, despite the large number of exhibits that attempt to elucidate her complaint, Plaintiff largely fails to include specific and actionable allegations of wrongdoing by GM or the statutory or legal bases for her claims – other than the possible application of 42 U.S.C. §2000e-5(f)(1).  Therefore, with the possible

6

exception of Plaintiff's construed claims for employment discrimination, the undersigned finds that no claim at all has been stated against Defendant General Motors.

On the other hand, to the extent that this Court previously considered Plaintiff's complaint as one alleging employment discrimination, and considering further the EEOC charge attached among the many pages of Plaintiff's exhibits, the Court will assume that Plaintiff has attempted to state a claim against Defendant for discrimination based upon her gender, age, and disability, as well as a claim of retaliation based upon her prior workers' compensation claim. (Doc. 3 at 5). Despite this reasonably construed attempt to state a claim, however, any such employment discrimination claim is time-barred and/or barred by the exclusive remedy provided for by Ohio's workers' compensation statute. For that reason, Defendant's motion to dismiss Plaintiff's complaint in its entirety should be granted.

### B. Title VII, ADA, and ADEA Claims Are Time-Barred

As stated above, Plaintiff generally alleges that she was employed by GM in 1977, was injured on the job in 1985, and was thereafter provided with workers' compensation and/or disability benefits for some period of time. Construing her complaint/exhibits liberally, she further alleges that after her injury, she was not offered the same employment opportunities as were other employees within GM, up through and including the point in time in the late 1980's when the GM plant in Norwood, Ohio closed. She alleges that from 1987-1994, she "wasn't passed on physical," and that after 1993, she was on severe restrictions. (Doc. 3-1 at 8). Plaintiff states that she employed a string of successive attorneys to pursue employment claims on her behalf, including Mr. Randolph from 1985 until 1995 (Doc. 1-2 at 9), Mr. Weber from 1995 until

7

March 2000 (Doc. 1-2 at 15), Mr. Gast and/or Mr. Whitaker from 2000 through 2004 (Doc. 1-2 at 17-19), at least one unspecified workers' compensation attorney (Doc. 1-2 at 19-20), and Mr. Fox from 2004 until 2007 or 2008 (Doc. 1-2 at 20-21).  In 1997, during the time period when she was represented by counsel, Plaintiff's employment was terminated by GM.

Plaintiff does not deny indirect knowledge (whether through counsel or otherwise) of her 1997 termination of employment; in fact, at least a portion of her rambling exhibits detail her attempts to maintain employment in the face of GM's attempt to terminate her.  However, she alleged in her complaint that it was not until GM responded to an inquiry she made concerning her "retirement, pension & medical" in April 2012, following her reaching a retirement "eligibility" age of 55, that GM sent information directly to her that she had been terminated in 1997.  (Doc. 3-1 at 10).

Prior to bringing a viable employment discrimination claim under Title VII, the Americans with Disabilities Act ("ADA"), or the Age Discrimination in Employment Act ("ADEA"), a plaintiff must first exhaust her administrative remedies by timely filing a charge with the EEOC.  A failure to timely exhaust administrative remedies is cause for dismissal of any later-filed federal complaint.  *See generally Hunter v. Sec'y of the U.S. Army*, 565 F.3d 986, 993 (6th Cir. 2009); *Fox v. Brown Memorial Home, Inc.*, 761 F. Supp.2d 718, 721 (S.D. Ohio 2011).

Pursuant to 42 U.S.C. §2000e-5(e)(1), a charge is timely filed when the would-be plaintiff files with the EEOC within 180 days after the alleged discrimination occurred. That period of time is lengthened to 300 days in Ohio, which is a deferral state.  *See Nichols v. Muckingum College*, 318 F.3d 674, 677-678 (6th Cir. 2003); *Amini v. Oberlin*

8

*College*, 259 F.3d 493, 498 (6th Cir. 2001).  Here, Plaintiff traces all of Defendant's allegedly illegal conduct back to 1985, when Plaintiff appears to argue that Defendant failed to take adequate steps to prevent the workplace accident that injured her.  It appears that Plaintiff is alleging that she was discriminated against beginning with her 1985 accident.  Obviously, the date of her 1985 accident preceded her EEOC complaint by many years more than the time limit in which she had to file a charge of discrimination.  To the extent that Plaintiff's complaint seeks to recover damages from alleged acts of discrimination dating back to 1985, her claims are clearly time-barred.

Additionally, to the extent that Plaintiff claims that she was eventually terminated as a result of discrimination, Plaintiff was required to file her EEOC charge not later than within 300 days of her 1997 termination date.  The act of termination is a natural endpoint to any claim of employment discrimination.  On the record presented, the 300 day time limit for filing an EEOC charge after termination elapsed more than a decade before Plaintiff finally filed an EEOC charge in 2012.  *See, e.g., Black v. Columbus Pub. Sch.*, 211 F. Supp.2d 975, 980 (S.D. Ohio 2002), *aff'd*, 79 Fed. Appx. 735 (6th Cir. 2003)(The time period for filing a charge commences at the time of the discriminatory act, and not merely at the point at which the consequences of that alleged discrimination become painful).

To the extent that Plaintiff may be attempting to allege that discriminatory acts continued to occur up through 2012, when (construing her pleadings liberally) she alleges that she first learned that her pension benefits were impacted by the earlier (time-barred) discriminatory acts, Plaintiff cannot use that more recent allegation to revive otherwise time-barred claims.  *See Nat'l R.R. Passenger Corp. v. Morgan*, 536

9

U.S. 101, 113 (2002)("discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges").  Similarly, a plaintiff's claim that she has suffered the continuing effects of past discriminatory acts within the statutory time period is not sufficient to make out a claim of continuing discrimination, where the underlying acts themselves are time-barred. *See Leffman v. Sprint Corp.*, 481 F.2d 428, 431 (6th Cir. 2007)(citing *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977)).

Plaintiff's memorandum in opposition to Defendant's motion is non-responsive to any of Defendant's legal arguments.  The EEOC clearly held that the charge was untimely, dismissing on that basis.  Plaintiff's undisputed failure to timely exhaust her administrative remedies indisputably bars her discrimination claims in this Court.

### C.  Claims Relating to Workers' Compensation

Like her discrimination claims, Defendant asserts that any liberally construed claim for workers' compensation retaliation is time-barred. (Doc 23-1 at p. 6).  The undersigned agrees.  *See generally*, O.R.C. §4123.90 (requiring workers' compensation retaliation claim to be filed within 180 days following punitive action such as termination, and only after employer is provided written notice within ninety days following punitive action).

Additionally, Defendant argues persuasively that any claim for reimbursement of Plaintiff's medical bills is barred by Ohio's workers' compensation law.  *See generally* O.R.C. §4123.74.  Thus, to the extent that Plaintiff is seeking reimbursement of her prior medical bills, or money to pay for future medical expenses relating to her 1985 injury, her remedies are limited to those provided by Ohio's workers' compensation statute.

### III. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT** Defendant's motion to dismiss (Doc. 23) be **GRANTED** and that this case be **DISMISSED** with prejudice and closed.

                                        *s/Stephanie K. Bowman*
                                        Stephanie K. Bowman
                                        United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DARLENE M. WILLIAMS,                               Case No. 1:13-cv-336

       Plaintiff,                                         Spiegel, J.
                                                          Bowman, M.J.

   v.

GENERAL MOTORS,

       Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                               *s/Stephanie K. Bowman*
                                                               Stephanie K. Bowman
                                                                United States Magistrate Judge