```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

```
DARLENE M. WILLIAMS,            :         No. 1:13-cv-00336
                                :
        Plaintiff,               :
                                :
    v.                          :         ORDER
                                :
GENERAL MOTORS,                 :
                                :
        Defendant.              :
```

This matter is before the Court on the July 28, 2014 Report and Recommendation of Magistrate Judge Stephanie K. Bowman (doc. 29), to which Plaintiff, who proceeds pro se, has "objected" (doc. 32). We have reprinted the body of her pleading below:

> Please, I am asking the Court to Deny defendant General Motors Motion. I Object to Report and Recommendations of 07-28-14. case 1:13CV00336-SaS-SKB. I am asking the Court, please not to dismiss my Case against Self Insured General Motors.
>
> I am Legitimate, my Case is Legitimated what I have stated & the way I have stated is true in my documents that I Submitted to Court throughout is legitimate, Factual & truthful. I was wronged & done wrong by General Motors.

(See doc. 32 at 2.) In its response, Defendant notes Plaintiff's obvious failure "to address any of the substantive reasons" supporting Magistrate Judge Bowman's recommendation that the Complaint be dismissed with prejudice and asks the Court—"upon de novo review"—to adopt the Report and Recommendation in its entirety (see doc. 34 at 1).

1

This Court is under no obligation to review de novo objections that are merely perfunctory or an attempt to engage us in a rehashing of the same arguments set forth originally. See, e.g., Edwards v. Fischer, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006). As concisely (in fact, rather tersely) noted by the Sixth Circuit:

> A general objection to the entirety of the magistrate[ judge]'s report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate [judge] useless. The functions of the district court are effectively duplicated as both the magistrate [judge] and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate[ Judges] Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate[ judge] 's report. See Thomas [v. Arn], 474 U.S. [140, ]148 [(1985)].

Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (emphasis added); Dorr v. AT&T Communications of Michigan, Inc., No. 12-cv-10393, 2012 WL 694645, at *1 (E.D. Mich. Mar. 5, 2012). The "objection" before us is the very type described above. Therefore, we need only satisfy ourselves that there is no clear error on the face of the record in order to accept the Magistrate Judge's recommendation.

Upon consideration, the Court finds no clear error. Indeed, we find her report to be well-reasoned, thorough and

correct and further advise that it easily would withstand even a de novo review were one warranted. Accordingly, the Court **ACCEPTS, ADOPTS AND AFFIRMS** the July 28, 2014 Report and Recommendation of Magistrate Judge Stephanie K. Bowman (doc. 29) and **OVERRULES** Plaintiff's "objection" thereto (doc. 32). Defendant's Motion to Dismiss (doc. 23) is **GRANTED,** Plaintiff's claims are **DISMISSED WITH PREJUDICE**, and the Court Orders this case **CLOSED** on the docket.

We note that Plaintiff was granted leave to proceed in this matter in forma pauperis by the Magistrate Judge (doc. 2). Pursuant to 28 U.S.C. § 1915(a)(3), we **CERTIFY** that any appeal of this Order would not be taken in good faith for the reasons previously stated; any application made to this Court to appeal in forma pauperis is thus prospectively **DENIED**. See Fed. R. App. P. 24(a)(3)(A). As a non-prisoner, however, pursuant to Fed. R. App. P. 24(a)(5), within thirty (30) days after the Clerk serves her with this Order, Plaintiff is free to apply to proceed in forma pauperis in the United States Court of Appeals for the Sixth Circuit. See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999), overruling in part Floyd v. United States Postal Serv., 105 F.3d 274, 277 (6th Cir. 1997).

SO ORDERED.

Dated: August 21, 2014     s/S. Arthur Spiegel_____
                           S. Arthur Spiegel
                           United States Senior District Judge